**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 30, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-20749
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANA LILIA GARCIA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(H-01-CR-399-5)
--------------------

Before WIENER, DeMOSS and PICKERING, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Ana Lilia Garcia appeals her conviction
and sentence for eleven counts of aiding and abetting mail fraud in
violation of 18 U.S.C. §§ 1341 & 2.  Her convictions stem from her
work at a clinic that provided physical therapy services to
accident victims but billed for services that were not provided.
These bills were submitted to insurance companies which in turn
issued settlement checks on behalf of the patients.  Garcia
contends that the evidence presented at trial was insufficient to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

show that she participated in or had knowledge of any fraudulent conduct. She also argues that the government presented insufficient evidence that the United States mail was used. Specifically, she asserts that no one with personal knowledge of the settlement checks testified regarding their mailing and that none of the claimants testified that they received such checks in the mail.

The government was required to establish Garcia's participation in the fraud, not that she took part in every aspect of the scheme. See United States v. Floyd, 343 F.3d 363, 371 (5th Cir. 2003); United States v. Tencer, 107 F.3d 1120, 1127 (5th Cir. 1997). One of the witnesses testified that he was referred to the clinic by Garcia's brother and that Garcia had him sign a number of forms that were not dated or filled out. He testified that he had signed for more therapy than he received and that he had been paid based on this documentation. He also stated that Garcia provided his therapy. Garcia's brother filed a claim based on the same accident although the witness did not recall the brother being an occupant of his vehicle. Garcia provided some of her brother's physical therapy treatment. Dr. Sunil Vachhani, a chiropractor who worked at Medcare, testified that he informed Garcia that he had observed patient logs with signatures for patients who had not been seen and that he had spoken with one of Garcia's co-workers about therapy notes being filled out for multiple days when the patient was not present. A co-defendant testified that Garcia wrote

2

patient comments for her because Garcia's English was better than her own. Evidence also was presented that Garcia dealt with the insurance companies. Viewing the evidence in the light most favorable to the government, a rational trier of fact could have found the evidence sufficient to establish Garcia's knowledge of and involvement in aiding and abetting the scheme to defraud. See United States v. Bieganowski, 313 F.3d 264, 275 (5th Cir. 2002); United States v. Carreon-Palacio, 267 F.3d 381, 389 (5th Cir. 2001).

Copies of the settlement checks, and in one case file copies of the checks, issued by the insurance companies were admitted into evidence at trial. Representatives of each of the four insurance companies involved testified that it was their custom and practice to mail the settlement checks. Each noted the absence of any indication in the relevant files that this normal practice was not followed. The jury was entitled to infer sufficient evidence of mailing from this evidence. See United States v. Bowman, 783 F.2d 1192, 1197 (5th Cir. 1986). Garcia's sufficiency argument regarding use of the mails fails.

The evidence is sufficient to sustain Garcia's conviction and sentence. Therefore, the judgment of the district court is, in all respects,

AFFIRMED.

3